IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVIE PORTER, | : |
|       **Plaintiff** | : |
| VS. | :    CASE NO. 5:22-CV-00061-TES-CHW |
| BENJAMIN FORD, | : |
| THERESA THORNTON, | : |
| JOSEPH FOWLES, | : |
| SHIRLEY EUGENE, | : |
| SOL PREBUS, | : |
| DR. SHEPARD, | : |
| DR. BOYD,[1] | : |
| | :    **PROCEEDINGS UNDER 42 U.S.C. §1983** |
|       **Defendants** | :    **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Stevie Porter, a prisoner at Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court

---

[1] Plaintiff has amended his complaint. ECF No. 6. In his amended complaint, Plaintiff does not name Donavon Hamilton, Pat Clark, C. Mitchell, Yvonne Neau, W. Lamar Viner, Shannon Fields, Wellstar Healthcare Systems, J-Pay Corporation, Medical Director Goodwin, Dr. Kenneth Sandford, Cynthia Jackson-Parham, Nurse Adams, Nurse Harry, or Mental Health Director Weiss as Defendants. *Id.* at 4. Plaintiff adds Dr. Boyd as a Defendant. *Id.* Therefore, the Clerk's office is **DIRECTED** to terminate Donavon Hamilton, Pat Clark, C. Mitchell, Yvonne Neau, W. Lamar Viner, Shannon Fields, Wellstar Healthcare Systems, J-Pay Corporation, Medical Director Goodwin, Dr. Kenneth Sandford, Cynthia Jackson-Parham, Nurse Adams, Nurse Harry, or Mental Health Director Weiss as Defendants and to add Dr. Boyd as a Defendant.

ordered the Plaintiff to recast his complaint. ECF No. 4. Plaintiff has filed his recast complaint. ECF No. 6. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion for leave to proceed *in forma pauperis* was granted and Plaintiff was ordered to pay a partial initial filing fee. ECF No. 4. Plaintiff has paid the partial initial filing fee. Plaintiff's complaint is now ripe for preliminary review. On preliminary review, Plaintiff will be allowed to proceed on his Eighth Amendment claim against Defendants Joseph Fowles, Shirley Eugene, Sol Prebus, and Dr. Shepherd. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Benjamin Ford, Theresa Thornton, and Dr. Boyd be **DISMISSED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner

2

complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support

of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. <u>Plaintiff's Allegations</u>

Plaintiff has been incarcerated at Georgia Diagnostics and Classification Prison (hereinafter referred to as "GDCP") since 2021. ECF No. 6 at 4-5. Plaintiff complains that he is not receiving adequate medical care at GDCP. *Id*. at 5. Plaintiff states that he has been diagnosed with multiple myeloma cancer and he claims that "the defendants recognize the ailments as being related to cancer but [have] failed to properly diagnose my amyloidosis disease". *Id*. As "ailments" and "serious medical needs" attributable to his cancer or amyloidosis, Plaintiff lists "biting of my teeth into my tongue, decayed teeth, gum sores, throatswelling, carpal tunnel syndrome, …. cataracts…., continuous ailments with my feet, ankles and legs … causing swelling, painful, thick-scaly skin and discomfort walking and using the urological parts of my body". *Id*.

Plaintiff states that Defendant Benjamin Ford is the Warden at GDCP. *Id*. at 6. Plaintiff complains that Defendant Ford "actively engaged in the investigation of the grievance stating that there is no evidence that plaintiff medical services are not being provided". *Id*. Plaintiff further complains that Defendant Ford "failed to properly investigate the medical issues and have the correctional and medical staff expedite adequate medical care to prevent further pain, suffering, and physical damage". *Id*.

Plaintiff states that Defendant Theresa Thornton is a Deputy Warden at GDCP. *Id*. Plaintiff further states that Defendant Thornton "is responsible for the overall care and treatment and ADA accommodations of Plaintiff" and that "she reviews grievances and

ada accommodation requests, including mental health". *Id*. at 4 and 6. Plaintiff complains that Defendant Thornton "deliberately failed to ensure that medical was providing proper care or care at all" and that she "responded to the ada request that proper medical and mental health services are provided". *Id.* at 6.

Plaintiff states that Defendant Dr. Shirley Eugene is the Medical Director at GDCP. *Id*. at 7. Plaintiff further states that Defendant Eugene "has made medical rounds to Plaintiff often". *Id*. Plaintiff complains that Defendant Eugene "has and continues to subvert and disregard Plaintiff's serious medical needs" and that she "ignores requests from the Plaintiff's oncologist". *Id*. He alleges that Defendant Eugene "promises help but never delivers, including pain management and specialists". *Id*.

Plaintiff states that Defendant Dr. Sol Prebus is a Primary Care Doctor at GDCP who has personally examined him. *Id*. Plaintiff complains that Defendant Prebus downplays the seriousness of his medical needs and that he "promises help, but later backs out and says that no help is needed". *Id*. He alleges that through Defendant Prebus "deliberately ignoring and failing to provide needs Plaintiff continues to suffer ongoing physical damage, pain and suffering". *Id*.

Plaintiff states that Defendant Dr. Joseph Fowles is the former Medical Director at GDCP and that he retired from that position in early summer of 2021. *Id*. at 8. Plaintiff complains that Defendant Fowles "learned of my physical injuries and medical concerns during his first medical call with me and ongoing while I was living in the infirmary" and that he "contributed personally to the ongoing denial of my right to medical care. *Id*. He alleges that Defendant Fowles "failed to make sure my ailments were being properly

addressed and even filed a medical reprieve because he said I could get better help in the free world". *Id*. Plaintiff complains that "as a result of [Defendant Fowles's] actions all of the ailments claimed were ignored and became more painful and debilitating". *Id*.

Plaintiff states that Defendant Dr. Shepherd is a dentist at GDCP. *Id*. at 9. Plaintiff complains that Defendant Shepherd "has failed to provide any medical dental service to Plaintiff after his visit on May 17, 2021 that were obvious and showed serious physical injuries and obvious pain and decay". *Id*. As a result, Plaintiff has had "continued physical damage to my tongue from teeth indentations, decaying plaque, gum sores, cavities, bad breath, pain and suffering, problems eating and swallowing, talking properly". *Id*. Plaintiff states that Defendant Shepherd told him that he needed to see an oral specialist and he would refer to one. *Id*. Plaintiff does not indicate that he has seen an oral specialist but he complains that his injuries continue. *Id*.

Plaintiff states that Defendant Dr. Boyd is an optometrist at various facilities within the Georgia Department of Corrections including GDCP. *Id*. Plaintiff alleges that Defendant Boyd "told me the cataracts in my eyes that were causing serious vision cloudiness and darkspot were of no reason for concern now". *Id*. Plaintiff complains that Defendant Boyd "failed to send me to an ophthalmologist specializes in diseases of the eye and instead prescribed me bi-focal glasses". *Id*. Plaintiff further complains that Defendant Dr. Prebus agreed with Defendant Boyd that the cataracts were of no concern or worry at the present time. *Id*.

Plaintiff states that "each defendant is sued individually and in his/her official capacity" and he seeks damages as well as "adequate care that I need for my ongoing serious medical needs". *Id*. at 9-10.

III.   Plaintiff's Claims

A.   Claims against Dr. Joseph Fowles, Dr. Shirley Eugene, Dr. Sol Prebus, and Dr. Shepherd

"It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id*. (quoting *Estelle*, 429 U.S. at 105).

To state a deliberate indifference to serious medical needs claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). The objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) and *McElligott,* 182 F.3d at 1254 and *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011); *see also Miller v. King,* 384 F.3d 1248, 1251 (11th Cir.2004) ("even gross negligence" is insufficient to establish liability under § 1983). "[I]t is obduracy and wantonness, not inadvertence or error in good faith," that violates the Constitution in "'supplying medical needs.'" *Adams v. Poag,* 61 F.3d at 1543 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* To show deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106; *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991). In fact, care provided to a prisoner need not be "perfect, the best obtainable, or even very good." *Harris,* 941 F.2d at 1510 (quoting *Brown v. Beck,* 481 F.Supp. 723, 726 (S.D.Ga.1980)); *Brinton v. Gaffney,* 554 F.Supp. 388, 389 (E.D.Pa.1983) (a § 1983 claim "does not lie if a prisoner's

complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice"). "[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams,* 61 F.3d at 1545 (quoting *Estelle,* 429 U.S. at 107); *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir.1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable).

Plaintiff asserts that he has multiple myeloma cancer and possibly amyloidosis. ECF No. 6 at 5. He states he has several ailments attributable to cancer or amyloidosis, including tongue-biting, tooth decay, gum sores, swollen throat, carpal tunnel syndrome, swollen painful lower extremities, and urological difficulties. *Id*. Plaintiff complains that the Defendants have failed to provide him with adequate care in the treatment of these painful and discomforting ailments. *Id*. At this early stage of the litigation and given these allegations, the Court cannot say that Plaintiff's deliberate indifference to a serious medical need claims against Dr. Joseph Fowles, Dr. Shirley Eugene, Dr. Sol Prebus, and Dr. Shepherd are necessarily frivolous or otherwise fail to state a claim. As such, these claims shall be allowed to proceed for further factual development against these Defendants.

    B.    <u>Claims against Defendant Dr. Boyd</u>

Plaintiff acknowledges that he has been examined by optometrist Dr. Boyd and received a treatment recommendation (glasses) from Dr. Boyd related to his cataracts. ECF No. 6 at 9. Plaintiff further acknowledges that Dr. Prebus reviewed Dr. Boyd's treatment

plan for Plaintiff's cataracts and agreed with Dr. Boyd that no further care other than glasses is warranted at the present time. The Plaintiff's allegations do not establish that Dr. Boyd is purposefully disregarding treatment of the cataracts or acting wantonly and recklessly. Essentially, Plaintiff believes he should be receiving a different treatment for his cataracts than exams and eyeglasses. "[T]he question of whether government actors should have employed additional … forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams,* 61 F.3d at 1545 (quoting *Estelle,* 429 U.S. at 107); *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir.1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable). It is thus **RECOMMENDED** that Plaintiff's claim against Dr. Boyd regarding treatment for his cataracts be **DISMISSED** without prejudice.

   C.  <u>Claims against Warden Ford and Deputy Warden Thornton</u>

Plaintiff's deliberate indifference to a serious medical need claims as to Defendants Ford and Thornton are rooted in their supervisory positions and in their denials of his grievances and ADA[2] accommodation requests. *See* ECF No 6 at 6. Supervisors within a

---

[2] Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff has not specifically asserted an ADA claim. However, even if he had, claims against individual defendants are not permitted under the ADA and Plaintiff has not come close to alleging (1) that he is a qualified individual with a disability and (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was otherwise discriminated against by the public entity (3) due to his disability. *See Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007); *Shotz v.*

prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); s*ee also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003). Plaintiff generally asserts that the Defendants in their supervisory roles are responsible for his overall welfare and should be held accountable for decisions made by medical professionals. The Defendants have no personal participation in those decisions and any causal connection between Plaintiff's alleged lack of medical care and the actions of these Defendants is simply too tenuous to state a claim.

Plaintiff attempts to establish liability by arguing that the Defendants are deliberately indifferent to his medical needs through the grievance process because they have refused to change the decisions made by medical personnel. A prisoner has no constitutional right to participate in grievance procedures. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011) (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's

---

*City of Plantation, Fla.*, 344 F.3d 1161, 1172 (11th Cir. 2003) (recognizing that individuals employed by a prison facility are not public entities capable of being sued under the ADA).

grievance procedures were inadequate) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir.2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory").

Moreover, allegations of a defendant's involvement in the processing of a prison grievance regarding medical care do not demonstrate a defendant's personal involvement in the alleged constitutional misconduct. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3rd Cir. 1988); *Asad*, 158 F. App'x at 170-72 (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"). Defendants Ford and Thornton are prison administrators and cannot be considered deliberately indifferent to Plaintiff's medical needs when they know him to be under the care and treatment of prison doctors. *See Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir.2004) ("If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995) (because prison administrators "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision" regarding a prisoner's medical treatment); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir.

2002) ("A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions"). Thus, to the extent Plaintiff alleges Defendants Ford and Thornton failed to intervene in, or somehow change, diagnostic and treatment decisions made by the medical staff, his allegations fail to state a claim.

For all the reasons stated herein, it is **RECOMMENDED** that any claims as to Defendants Ford and Thornton be **DISMISSED**.

IV.  Conclusion

For the foregoing reasons, Plaintiff's Eighth Amendment claims against Defendants Joseph Fowles, Shirley Eugene, Sol Prebus, and Dr. Shepherd shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims as to Defendants Benjamin Ford, Theresa Thornton, and Dr. Boyd be **DISMISSED without prejudice.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Dr. Joseph Fowles, Dr. Shirley Eugene, Dr. Sol Prebus, and Dr. Shepherd, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

16

supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 10th day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
