IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **STEVIE PORTER,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:22-cv-61-TES-CHW |
| **Doctor FOWLES,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |

## ORDER

Before the Court is a motion in which Plaintiff Stevie Porter requests both the appointment of counsel and an extension of the discovery period. (Doc. 29). Plaintiff's motion is **GRANTED in part and DENIED in part** as discussed below. Additionally, Plaintiff is **DIRECTED** to provide additional service information regarding two defendants who have not yet been served.

### Extension of Deadlines

Insofar as Plaintiff requests an extension of the discovery period, Plaintiff's motion is **GRANTED**. The existing discovery period is hereby extended, to run through **November 29, 2022**. The deadline for filing dispositive motions is correspondingly extended, to run through **December 29, 2022**.

### Appointment of Counsel

Insofar as Plaintiff requests the appointment of counsel to represent him, Plaintiff's motion is **DENIED**. No right to counsel exists in civil rights actions. *Whal v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. In deciding whether legal counsel should be appointed, the Court considers, among

1

other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. As such, the appointment of counsel is not now appropriate. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, then the Court, **on its own motion**, will consider assisting Plaintiff in securing the appointment of legal counsel at that time.

### Service Information

Finally, as defendants in this action, Plaintiff named Doctor Shepherd, a dentist, and Doctor Joseph Fowles, a medical director. Plaintiff sues these defendants for deliberate indifference to serious medical needs in violation of the Eighth Amendment. *See* (Doc. 10, p. 5–6). The Court has been unable to serve these defendants based on the information provided by Plaintiff.

Specifically, the Court received unexecuted process receipts and returns for Defendants Shepherd and Fowler on July 26, 2022. (Docs. 22, 23). The Court then attempted personal service upon these Defendants using the information provided by Plaintiff, but the Court was advised that "there is no current or previous Dr. Joseph with the last name Fowles" at the Georgia Diagnostic & Classification Prison (Doc. 26), and that there is also "no current or previous Dr. Shepherd, dentist[,] working there." (Doc. 27).

Although Plaintiff's *in forma pauperis* status entitles him to rely on court officers and the United States Marshals Service to effect proper service, even *in forma pauperis* litigants may not remain silent and do nothing to help with the service process. *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). At a minimum, *in forma pauperis* litigants should request service upon the

appropriate defendants and attempt to remedy any apparent service defects of which the litigant has knowledge. *Id*. Accordingly, if Plaintiff wishes to pursue his claims against Defendants Shepherd and Fowler, then Plaintiff is **DIRECTED** to remedy the apparent service defect concerning these defendants by providing the Court with additional information, such as a valid service address for these defendants, so that the Court may continue its efforts to perfect service in the above-styled action on Plaintiff's behalf.

    **SO ORDERED**, this 5th day of October, 2022.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge